FILED

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714-668-2452
FACSIMILE: 714-668-2490

2012 OCT -3  PM 1:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

Sean P. Flynn (State Bar No. 220184)
*s.flynn@mpglaw.com*

Attorneys for Defendant
RECEIVABLES PERFORMANCE MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RANDY DAKE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | CASE No.  ED CV 12  01680  VAP  SPX<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Trial Date:        TBD |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

813868.1

1    **TO THE JUDGES OF THE UNITED STATES DISTRICT COURT,**

2    **CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL INTERESTED**

3    **PARTIES AND THEIR ATTORNEYS HEREIN**:

4         **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332(a), Defendant

5    RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant"), hereby

6    removes the above-entitled action from the Superior Court for the State of California

7    in and for the County of San Bernardino, to the United States District Court, Central

8    District of California, based on the following facts:

9         1.    On or about August 13, 2012, an action was filed in the Superior Court

10   of the State of California for the County of San Bernardino, entitled *Randy Dake v.*

11   *Receivables Performance Management, LLC* Case No. CIVMS 1200456 ("the

12   Action").

13        2.    Copies of the summons and complaint are attached hereto as Exhibit A.

14        3.    Plaintiff alleges that he is a resident of San Bernardino County and that

15   Defendant is a resident of the state of Washington.

16        4.    On September 24, 2012, Plaintiff's Counsel issued a settlement demand

17   for Plaintiff, in his individual capacity only, in an amount over $75,000.

18        5.    Thus, this Court has jurisdiction over this case pursuant to 28 U.S.C. §

19   1332. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F3d 837, 840; *Addo v. Globe Life*

20   *& Acc. Ins. Co.* (5th Cir. 2000) 230 F3d 759, 761—postcomplaint letter from

21   plaintiff's attorney, offering to settle action for more than $75,000, gave notice that

22   action was removable; and *Babasa v. LensCrafters, Inc.* (9th Cir. 2007) 498 F3d

23   972, 974.

24        6.    No responsive pleading has been filed in the State Court Action.

25        7.    Defendant is not aware of any other events having taken place in the

26   State Court Action.

27        8.    Removal is timely pursuant to 28 U.S.C. §1446(b).

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

813868.1

1

1      For the reasons stated above, Defendant removes the above entitled action

2  now pending in the Superior Court for the County of San Bernardino, Case No.

3  CIVMS 1200456, to the United States District Court for the Central District of

4  California.

5

6  DATED: October 3, 2012        MUSICK, PEELER & GARRETT LLP

7

8

9                    By:       *s/ Sean P. Flynn*

10                        Sean P. Flynn

                           Attorneys for Defendant

11                        RECEIVABLES PERFORMANCE

                         MANAGEMENT, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

3:20PM
AKI

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RECEIVABLES PERFORMANCE MANAGEMENT, LLC and DOES
1 through 10, inclusive, and each of them

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RANDY DAKE, on behalf of himself and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED - Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

AUG 13 2012

MELISSA STEWART

By_____Dep. Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino
6527 White Feather Rd.
Joshua Tree, CA 92252

CASE NUMBER:
*(Número del Caso):* **CIVMS 1 2 0 0 4 5 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: AUG 13 2012          STEPHEN H. NASH Clerk, by          MELISSA STEWART          , Deputy
*(Fecha)*                          *(Secretario)*                                                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*: **Receivables Performance Management, LLC**

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[X] CCP 416.40 (association or partnership)          [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [✓] by personal delivery on *(date)*: 08-29-12

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

1  Todd M. Friedman (SBN 216752)
   Nicholas J. Bontrager (SBN 252114)
2  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
   369 S. Doheny Dr., #415
3  Beverly Hills, CA 90211
   Phone: 877-206-4741
4  Fax: 866-633-0228
   tfriedman@attorneysforconsumers.com
5  nbontrager@attorneysforconsumers.com
6
7  Abbas Kazerounian, Esq. (SBN 249203)
   ak@kazlg.com
8  **KAZEROUNI LAW GROUP, APC**
   2700 N. Main Street, Ste. 1000
9  Santa Ana, California 92705
   Telephone: (800)400-6808
10 Facsimile: (800)520-5523
11
12 Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
13 **HYDE & SWIGART**
   411 Camino Del Rio South, Suite 301
14 San Diego, CA 92108-3551
   Telephone: (619) 233-7770
15 Facsimile: (619) 297-1022
16
17 *Attorneys for Plaintiff*
18
19
20

FILED - Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

AUG 1 3 2012

MELISSA STEWART
By_____ Dep. Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
UNLIMITED JURISDICTION**

| | |
|---|---|
| RANDY DAKE, on behalf of himself and all others similarly situated, | ) ) ) | Case No. **CIVMS 1 2 0 0 4 5 6** |
| Plaintiff, | ) ) ) | **CLASS ACTION** |
| vs. | ) ) ) | **COMPLAINT FOR VIOLATIONS OF:** |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC and DOES 1 through 10, inclusive, and each of them, | ) ) ) ) ) | **(1)  California Penal Code § 632** **(2)  Negligence Per Se** **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) ) | **(Amount to exceed $25,000)** |

1   Plaintiff Randy Dake ("Plaintiff"), on behalf of himself and all others similarly situated,

2   alleges the following upon information and belief based upon personal knowledge:

3   ## NATURE OF THE CASE

4   1.   This is a class action brought on behalf of all individuals in California whose

5   telephone conversations with Defendant Receivables Performance Management, LLC.

6   ("Defendant" or "RPM") were recorded by RPM without their knowledge or consent.

7   ## JURISDICTION & VENUE

8   2.   This Court has personal jurisdiction over Defendant. RPM conducted business

9   within the State of California, has purposely availed itself of the benefits and protections of the

10   State of California, and/or has sufficient contact with this State such that maintenance of this

11   action in this locale would be consistent with traditional notions of fair play and substantial

12   justice. Defendant's corporate office is located at 20816 44th Avenue West, Lynnwood,

13   Washington 98036.

14   3.   Plaintiff is a resident of Joshua Tree, California.

15   4.   Venue is proper here, because Plaintiff resides and Defendant does business in

16   San Bernardino County.

17   ## PARTIES

18   5.   Plaintiff Randy Dake ("Plaintiff") is a natural person residing in San Bernardino

19   County in the State of California.

20   6.   Defendant is a leader in consumer debt recovery.   RPM, on behalf of creditors

21   and third party debt buyers, collects on defaulted consumer receivables and uses a variety of

22   operation channels to maximize its collections on consumer debts.

23   7.   The above named Defendant, and its subsidiaries and agents, are collectively

24   referred to as "Defendants." The true names and capacities of the Defendants sued herein as

25   DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

26   therefore sues such Defendants by fictitious names. Each of the Defendants designated herein

27   as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of

28   Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants

1    when such identities become known.

2        8.    Plaintiff is informed and believes that at all relevant times, each and every

3    Defendant was acting as an agent and/or employee of each of the other Defendants and was

4    acting within the course and scope of said agency and/or employment with the full knowledge

5    and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the

6    acts and/or omissions complained of herein was made known to, and ratified by, each of the

7    other Defendants.

8                          **FACTUAL ALLEGATIONS**

9        9.    Beginning in March 2012, Defendant contacted Plaintiff in an attempt to collect

10   an alleged outstanding debt.

11       10.   During this process, RPM contacted and communicated with Plaintiff via

12   telephone in connection with RPM's attempts to collect the alleged debt owed. Defendant

13   recorded the calls, wherein it was attempting to collect the debt from Plaintiff, without

14   informing Plaintiff.  At no time did Plaintiff ever provide actual or constructive consent to

15   RPM to record the telephone calls.

16       11.   The contents of the call/s between RPM and Plaintiff that were recorded by

17   RPM were confidential in nature due to the fact that private financial information was

18   discussed including but not limited to the alleged debt that Plaintiff owed.

19       12.   At no point did Plaintiff have a reasonable expectation that any of the calls with

20   RPM, that were initiated by RPM, were being recorded especially because such private and

21   sensitive subjects, including but not limited to an alleged debt owed was being discussed.  Had

22   Plaintiff known that the conversation was being recorded by Plaintiff he would conducted

23   himself differently on the telephone.

24       13.   It is RPM's pattern and practice to record outgoing calls made to California

25   residents.  The calls are about individuals' finances and debt.  RPM does not inform, or warn,

26   the California residents, including Plaintiff, that the telephone calls may be or will be recorded.

27   Plaintiff was unaware that the phone calls RPM made to him in California, allegedly to collect

28   a debt, were recorded.  There was no pre-call recorded message.  The RPM representatives

1  never informed Plaintiff that the calls were being recorded.

2       14.    Plaintiff did not learn that RPM recorded the phone calls it made in attempting

3  to collected an alleged debt from Plaintiff, until June 13, 2012.

5  **ACCRUAL OF RIGHT TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

6       15.    Plaintiff did not discover, and could not discover through the exercise of

7  reasonable diligence, the fact that RPM was recording the phone calls it made to Plaintiff and

8  members of the California Class without their knowledge or consent.

9       16.    RPM concealed from Plaintiff and members of the California Class that it was

10  recording the telephone calls between itself on the one hand and Plaintiff or other members of

11  the California Class on the other hand.

12       17.    RPM concealed the fact that it was recording the afore-mentioned phone calls to

13  create the false impression in the minds of Plaintiff and members of the California Class that

14  they were not being recorded.  At the outset of the phone calls there was no warning that the

15  phone calls were, or even may be recorded.  Such warnings are ubiquitous today.

16       18.    Plaintiff was justified in not bringing the claim earlier based on RPM's failure to

17  inform Plaintiff and other members of the California Class that the phone calls were being

18  recorded.

19  **CLASS ALLEGATIONS**

20       19.    Plaintiff brings this action pursuant to Code of Civil Procedure section 382

21  and/or other applicable law on behalf of himself and all others similarly situated, as a member

22  of the proposed class (hereafter the "California Class") defined as follows:

24  All persons in California whose inbound and outbound telephone conversations were recorded without their consent by RPM within the year prior to the filing of the original Complaint in this action.

26       20.    Specifically excluded from the proposed California Class are Defendant; any

27  entities in which Defendant has a controlling interest; and the employees, officers, directors,

28  affiliates, legal representatives, subsidiaries, and affiliates of Defendant.  The California Class'

1   claims are based on Cal. Penal Code. § 632, *et seq.*

2       21.    This action is brought and may be properly maintained as a class action. This

3   action satisfies the numerosity, typicality, adequacy, predominance and superiority

4   requirements for a class action.

5       22.    The California Class is so numerous that the individual joinder of all of its

6   members is impractical. While the exact number and identities of the California Class

7   members are unknown to Plaintiff at this time and can only be ascertained through appropriate

8   discovery, Plaintiff is informed and believes and thereon alleges that the California Class

9   includes thousands of members. Plaintiff alleges that the California Class members may be

10  ascertained by the records maintained by Defendant.

11      23.    Common questions of fact and law exist as to all members of the California

12  Class which predominate over any questions affecting only individual members of the

13  California Class. These common legal and factual questions, which do not vary between

14  California Class members, and which may be determined without reference to the individual

15  circumstances of any California Class members, include, but are not limited to, the following:

16      a.    Whether Defendant has a policy of recording telephone conversations

17  between its representatives and California Class members;

18      b.    Whether Defendant obtained consent from all parties to record telephone

19  conversations between its representatives and California Class members;

20      c.    Whether the telephone conversations between Defendant's

21  representatives and California Class members were confidential communications;

22      d.    Whether Defendant's conduct described herein was negligent; and

23      e.    The nature and extent of damages and other remedies to which the

24  conduct of Defendant entitles the California Class members.

25      24.    Plaintiff is asserting claims that are typical of the California Class because every

26  other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are

27  entitled to the grater of statutory damages of $5,000 per violation or three times actual damages

28  per violation pursuant to Penal Code § 637.2(a).

---

**CLASS ACTION COMPLAINT**

25.     Plaintiff will fairly and adequately protect the interests of the members of the California Class.   Plaintiff has retained attorneys experienced in the prosecution of class actions.

26.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all California Class members is impracticable.   Even if every California Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each California Class member.

27.     The prosecution of separate actions by thousands of individual California Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice which Defendant must provide to all California Class members prior to recording telephone calls.

28.     The prosecution of separate actions by individual California Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other California Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party California Class members to protect their interests.

29.     Defendant has acted or refused to act in respects generally applicable to the California Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA PENAL CODE §632

(By Plaintiff and the California Class Against All Defendants)

30.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

31.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *Kearney v. Salmon Smith Barney, Inc.,* (2006) 39 Cal. 4th 95, 125.

32.     California Penal Code § 632 prohibits the intentional eavesdropping or recording by means of an electronic amplifying or recording device, of confidential telephonic communications without the consent of all parties to the communication.

33.     Plaintiff is informed and believes and thereon alleges that Defendant violated and continues to violate California Penal Code § 632 by recording confidential telephonic communications between its representatives and California Class members without obtaining their consent.

34.     Pursuant to California Penal Code § 632, the telephonic conversations between Defendant's representatives and California Class members are "confidential" because they are carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confided to the parties thereto.

35.     As a direct and proximate result of Defendant's violations of California Penal Code § 632, Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant five thousand dollars ($5,000.00) for each violation of California Penal Code § 632 pursuant to California Penal Code § 637.2(a).

36.     The violations of California Penal Code § 632 described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Plaintiff is informed and believes and thereon alleges that Defendant's conduct will continue to cause irreparable injury to the California Class unless enjoined or restrained pursuant to Penal Code § 637.2(a).

## SECOND CAUSE OF ACTION
## NEGLIGENCE PER SE

(By Plaintiff and the California Class Against All Defendants)

37.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

38.     Defendant violated applicable statutory law, including but not limited to California Penal Code § 632, which precludes the recording of telephone calls without all parties' consent to and knowledge of the recording.

39.     The foregoing statute(s) were designed to protect the class of persons which includes Plaintiff and the California Class.   It was for Plaintiff and the California Class members' protection that said statute was adopted, and the statute was designed to protect against the very kind of conduct perpetrated by Defendant as against Plaintiff and the California Class.  Furthermore, the resulting harm suffered by Plaintiff and the California Class herein was caused by violation of the aforementioned statute.

40.     Thus, in acting and in failing to act as aforementioned, in violation of the aforementioned statute, Defendant was negligent per se.

41.     As a direct and proximate result of Defendant's violations of California Penal Code § 632, Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant five thousand dollars ($5,000.00) for each violation of California Penal Code § 632 pursuant to California Penal Code § 637.2(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2.  For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

3.  Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

4.  That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California residents including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

5.  For general damages according to proof;

6.  For special damages according to proof;

7.  For exemplary or punitive damages;

8.  For costs of suit;

9.  For prejudgment interest at the legal rate; and

For such further relief as this Court deems necessary, just, and proper.

Dated: August 8, 2012

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Todd M. Friedman
Nicholas J. Bontrager
Attorneys for Plaintiff Randy Dake

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  August 8, 2012          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

_____
Todd M. Friedman
Nicholas J. Bontrager
Attorneys for Plaintiff Randy Dake

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1680 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Randy Dake | Receivables Performance Management, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415, Beverly Hills, CA 90211 | Sean P. Flynn<br>Musick, Peeler & Garrett, LLP<br>650 Town Center Drive, #1200<br>Costa Mesa, CA 92626 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ None

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sec. 1332 - Diversity Jurisdiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 12 - 01680    VAP SPX

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

OCT - 3 2012

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 3, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |