1  Todd M. Friedman (SBN 216752)
   Nicholas J. Bontrager (SBN 252114)
2  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
3  369 S. Doheny Dr., #415
   Beverly Hills, CA 90211
   Phone: 877 206-4741
4  Fax: 866 633-0228
5  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
6
7  Abbas Kazerounian, Esq. (SBN 249203)
   ak@kazlg.com
8  **KAZEROUNI LAW GROUP, APC**
   2700 N. Main Street, Ste. 1000
9  Santa Ana, California 92705
   Telephone: (800)400-6808
10 Facsimile: (800)520-5523
11
   Joshua B. Swigart, Esq. (SBN: 225557)
12 josh@westcoastlitigation.com
13 **HYDE & SWIGART**
   411 Camino Del Rio South, Suite 301
14 San Diego, CA 92108-3551
   Telephone: (619) 233-7770
15 Facsimile: (619) 297-1022
16
17 *Attorneys for Plaintiff*

18          UNITED STATES DISTRICT COURT
19          CENTRAL DISTRICT OF CALIFORNIA

20 RANDY DAKE, on behalf of himself and all )  Case No. 5:12-cv-01680-VAP-SP
   others similarly situated,                )
21                                           )  **CLASS ACTION**
22 Plaintiff,                                )
                                             )  **FIRST AMENDED COMPLAINT FOR**
23          vs.                              )  **VIOLATIONS OF:**
                                             )
24 RECEIVABLES PERFORMANCE               )  California Penal Code § 632.7
25 MANAGEMENT, LLC,                          )
                                             )
26 Defendants.                               )
                                             )
27                                           )
                                             )
28                                           )

FIRST AMENDED CLASS ACTION COMPLAINT
-1-

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 8 2013

CENTRAL DISTRICT OF CALIFORN' \
EASTERN DIVISION        BY DEPUTY

Plaintiff, RANDY DAKE ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     This is a class action brought on behalf of all individuals in California whose cellular telephone conversations with Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant" or "RPM") were recorded by RPM without their knowledge or consent.

2.     RANDY DAKE ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of RPM and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the cellular telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.

3.     California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone.  There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Washington state. Plaintiff also seeks up to $5,000.00 in damages for each call in violation of the Penal Code § 632.7 as provided by § 637.2(a), which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00

1    threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages
2    threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court
3    has jurisdiction.

4        5.    Venue is proper in the United States District Court for the Central District of
5    California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does
6    business within the state of California and Plaintiff resides within the county of San
7    Bernardino.

8                                    **PARTIES**

9        6.    Plaintiff, RANDY DAKE ("Plaintiff"), is a natural person residing in San
10   Bernardino County in the State of California.

11       7.    Defendant, RECEIVABLES  PERFORMANCE  MANAGEMENT,  LLC
12   ("Defendant" or "RPM") is a leader in consumer debt recovery.   RPM, on behalf of creditors
13   and third party debt buyers, collects on defaulted consumer receivables and uses a variety of
14   operation channels to maximize its collections on consumer debts.

15       9.    Plaintiff is informed and believes that at all relevant times, each and every
16   Defendant was acting as an agent and/or employee of each of the other Defendants and was
17   acting within the course and scope of said agency and/or employment with the full knowledge
18   and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the
19   acts and/or omissions complained of herein was made known to, and ratified by, each of the
20   other Defendants.

21                              **FACTUAL ALLEGATIONS**

22       10.   Beginning in or around March of 2012, Defendant began contacting Plaintiff by
23   telephone in an attempt to collect an alleged debt owed.  During this time, Plaintiff had at least
24   one (1) telephone communication with certain employees, officers and/or agents of Defendant
25   via Plaintiff's personal cellular telephone.  Plaintiff is informed and believes, and thereon
26   alleges that is RPM's pattern and practice to record outgoing calls made to California residents.
27   The calls are about individuals' finances and debt.  RPM does not inform, or warn, the
28   California residents, including Plaintiff, that the telephone calls may be or will be recorded.

1  Plaintiff was unaware that the phone calls RPM made to him in California, allegedly to collect
2  a debt, were recorded. There was no pre-call recorded message. The RPM representatives
3  never informed Plaintiff that the calls were being recorded.

4      11.    On or about March 20, 2012, Defendant contacted Plaintiff on Plaintiff's
5  personal cellular telephone in regards to the alleged debt Defendant sought to collect. During
6  this conversation, Plaintiff was asked to confirm his identity and personal cellular telephone
7  number and was advised that Defendant was calling to discuss an account that had been placed
8  in its office for collection purposes.

9      12.    During this conversation with Defendant, Plaintiff discussed highly personal
10  and private financial information that Plaintiff had not openly discussed with others.

11      13.    Plaintiff had no reasonable expectation that any part of Plaintiff's cellular
12  telephone conversation with Defendant would be monitored, recorded and/or eavesdropped
13  upon due to the private subject matter being discussed. Should Plaintiff have known that said
14  conversation was being recorded, Plaintiff would have conducted and spoken differently to the
15  representative of Defendant.
16

17      14.    Plaintiff was shocked to discover that such a confidential communication was
18  being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiff's
19  knowledge or consent.

20      15.    At no time during the March 20, 2012 call did Plaintiff give consent for the
21  telephone call to be monitored, recorded and/or eavesdropped upon.

22      16.    Plaintiff is informed and believes, and thereon alleges, that during the relevant
23  time period, Defendant has had a policy and a practice of recording and/or monitoring
24  telephone conversations with consumers. Defendant's employees and agents are directed,
25  trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone
26  conversations with the public, including Plaintiff and other California residents.

27      17.    Plaintiff is informed and believes, and thereon alleges that Defendant has
28  installed and/or caused to be installed certain eavesdropping, and listening equipment in its

1   employees' or agents' telephone lines.  Defendant uses these devices to overhear, record, and

2   listen to each and every telephone conversation on said telephone lines.

3       18.    Plaintiff is informed and believes, and thereon alleges, that during the relevant

4   time period, Defendant has had all of its calls to the public, including those made to California

5   residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of

6   the public, including Plaintiff and other California residents.

7                                **CLASS ALLEGATIONS**

8       19.    Plaintiff brings this action on behalf of himself and on behalf of all others

9   similarly situated ("The Class").

10      20.    Plaintiff represents, and is a member of, "The Class" defined as follows:    "All

11  persons in California whose inbound and outbound cellular telephone conversations were

12  monitored, recorded, and/or eavesdropped upon without their consent by Defendant within one

13  (1) year prior to the filing of the original Complaint in this action."

14

15      21.    Defendant, and its employees and agents are excluded from The Class.

16  Plaintiff does not know the number of members in The Class, but believe this number to be in

17  the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to

18  assist in the expeditious litigation of this matter.

19      22.    This suit seeks only damages and injunctive relief for recovery of economic

20  injury on behalf of The Class and it expressly is not intended to request any recovery for

21  personal injury and claims related thereto.  Plaintiff reserves the right to expand The Class

22  definition to seek recovery on behalf of additional persons as warranted as facts are learned in

23  further investigation and discovery.

24      23.    The joinder of The Class members is impractical and the disposition of their

25  claims in the Class action will provide substantial benefits both to the parties and to the Court.

26  The Class can be identified through Defendant's records.

27      24.    There is a well-defined community of interest in the questions of law and fact

28  involved affecting the parties to be represented.  The questions of law and fact to The Class

predominate over questions which may affect individual Class members, including the following:

    a.  Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls to/from a consumer's cellular phone;

    b.  Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations were being recorded, eavesdropped upon and/or monitored;

    c.  Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing cellular calls constituted a violation of California Penal Code § 632.7;

    d.  Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

    e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

    25.    Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

    26.    Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to any member of The Class.   Plaintiff has retained counsel experienced in handling class action claims.

    27.    Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

29.   Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF PENAL CODE § 632.7

30.   California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone."   Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

. 31.   Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone. . For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

32.   Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

33.   Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

34.     Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

35.     Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

36.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

a.      That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b.      For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class, pursuant to § 637.2(a);

c.      Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

d.      That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The Class;

e.      For exemplary or punitive damages;

1        f.    For costs of suit;

2        g.    For prejudgment interest at the legal rate; and

3        h.    For such further relief as this Court deems necessary, just, and proper.

4

5    **DEMAND FOR JURY TRIAL**

6    Plaintiff demands a trial by jury of each and every claim so triable.

7

8        Respectfully submitted,

9    Dated:   January 24, 2013    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

10

11

12        Todd M. Friedman
    Nicholas J. Bontrager

13        Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DAKE, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>5:12-cv-01680-VAP-SP<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>RECEIVABLES PERFORMANCE MANAGEMENT, LLC</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ _____First_____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Todd M. Friedman</u>, whose address is <u>Law Offices of Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.   **TERRY NAFISI**

Clerk, U.S. District Court

Dated: _____**JAN 28 2013**_____

By: _____
         Deputy Clerk

         *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*