Case 5:12-cv-01680-VAP-SP   Document 58   Filed 05/02/13   Page 1 of 5   Page ID #:928

Sean P. Flynn (SBN 220184)
sflynn@foleymansfield.com
M. Amadea Groseclose SBN (SBN 267091)
mgroseclose@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:   (213) 283-2100
Facsimile:    (213) 283-2101

Attorneys for Defendant
**RECEIVABLES PERFORMANCE MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RANDY DAKE, on behalf of himself and other similarly situated,<br><br>             Plaintiff,<br><br>        vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, INC., a Washington corporation,<br><br>             Defendant. | Case No:  12-cv-01680-VAP-SP<br><br>**RECEIVABLES PERFORMANCE MANAGEMENT, INC.'S ANSWER**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   Defendant Receivables Performance Management, Inc. ("Defendant") hereby responds on behalf of itself, and no other, to the Complaint of Plaintiff Randy Dake ("Plaintiff") as follows:

2. 1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the complaint except those expressly admitted below.

2. Defendant admits the allegations of paragraphs: 4, 5, 7, 11

3. Answer Paragraph 10, Defendant admits calling Plaintiff on or about March 20, 2012 and recording the call to ensure compliance with state and federal laws, company policies and procedures, and to prevent extortion tactics used by debtors engaging in frivolous litigation tactics.  Defendant denies the remaining allegations of Paragraph 10.

4. Answer Paragraph 16, Defendant admits recording some calls to ensure compliance with state and federal laws, company policies and procedures, and to prevent extortion tactics used by debtors engaging in frivolous litigation tactics.  Defendant denies the remaining allegations of Paragraph 16.

5. Answer Paragraph 34, Defendant admits calling Plaintiff on or about March 20, 2012 and recording the call to ensure compliance with state and federal laws, company policies and procedures, and to prevent extortion tactics used by debtors engaging in frivolous litigation tactics.  Defendant denies the remaining allegations of Paragraph 34.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

/ / /

/ / /

/ / /

RECEIVABLES PERFORMANCE MANAGEMENT INC.'S ANSWER

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense

An award of statutory damages in this case would violate the procedural and/or substantive safeguards provided to the Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States, and Article Seven of the California Constitution.

### Third Affirmative Defense

Defendant is informed and believes and thereon alleges that the alleged violations contained in Plaintiff's Complaint were justified.  *See*, Cal. Penal Code § 633.5.

### Fourth Affirmative Defense

Defendant is informed and believes and thereon alleged that the applicable statutes of limitation may bar the claims for relief in the Complaint.

### Fifth Affirmative Defense

Defendant is informed and believes and thereon alleges that the putative class action is not certifiable and therefore this Court will lack jurisdiction over this matter.

### Sixth Affirmative Defense

Defendant is informed and believes and thereon alleges that the Business "service-monitoring" exception to the CIPA precludes any finding of liability.

### Seventh Affirmative Defense

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

### Eighth Affirmative Defense

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

/ / /

### Ninth Affirmative Defense

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

### Tenth Affirmative Defense

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

### Eleventh Affirmative Defense

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1. Plaintiff takes nothing by way of his Complaint herein and that this action be dismissed in its entirety;
2. For Defendant's attorney's fees and costs incurred herein;
3. For such other relief as the Court may deem just and proper.

Dated: May 1, 2013                **FOLEY & MANSFIELD, PLLP**

By: */s/ Sean P. Flynn*
Sean P. Flynn
M. Amadea Groseclose
Attorneys for Defendant
Receivables Performance Management, Inc.

RECEIVABLES PERFORMANCE MANAGEMENT INC.'S ANSWER

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant Receivables Performance Management, Inc. hereby demands a jury trial in this action.

Dated:  May 1, 2013

FOLEY & MANSFIELD, PLLP

By: */s/ Sean P. Flynn*
Sean P. Flynn
M. Amadea Groseclose
Attorneys for Defendant
Receivables Performance Management, Inc.